UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Kimberly Nelson, | ) | CASE NO. 1:23 CV 1911 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. 11) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## FACTS

Only those facts necessary for a resolution of plaintiff's objections are set forth herein. Plaintiff Kimberly Nelson ("Nelson") filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in March 2011 and again in January 2014. She received an unfavorable decision both times.

In August 2019, Nelson filed third applications for DIB and SSI, alleging a disability-onset date of June 17, 2017. The 2019 claims were denied initially and on reconsideration. Nelson then requested a hearing before an Administrative Law Judge ("ALJ"). On November 20, 2020, the ALJ held an administrative hearing where Nelson (represented by counsel) and a vocational expert ("VE") testified. On February 25, 2021, the ALJ determined Nelson was not disabled.

On March 2, 2022, the Appeals Council vacated the ALJ's decision and remanded the case. The same ALJ held a new administrative hearing on July 13, 2022, where Nelson (represented by new counsel) and a VE testified. On August 17, 2022, the ALJ again determined Nelson was not disabled. The Appeals Council denied Nelson's request for review on August 8, 2023, making the second hearing decision the final decision of the Commissioner.

On September 30, 2023, Nelson filed a complaint in this Court, seeking review of the Commissioner's final decision. Nelson alleged two assignments of error. The R&R recommends rejecting both assignments of error. Nelson objects to both recommendations in the R&R.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written

2

objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**ANALYSIS**

In her objections to the R&R, Nelson contends that (1) the Magistrate Judge's decision that the ALJ properly analyzed the persuasiveness of the medical opinion evidence using the relevant

regulatory factors is not supported by substantial evidence, and (2) the ALJ's analysis of the Social Security Ruling 16-3p is flawed and, thus, not supported by substantial evidence.

Nelson's "objections" to the R&R, however, are nothing more than regurgitations of the arguments she made in her brief on the merits, which were addressed by the Magistrate Judge in his R&R. In fact, most of Nelson's memorandum supporting her objections is a verbatim copy of her brief on the merits before the Magistrate Judge. (*Compare* Doc. 9 (Brief on the Merits), *with* Doc. 13 (Objections).) "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich*, 327 F. Supp. 2d at 747; *see also Alston v. Voorhies*, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010) (collecting cases). For this reason alone, Nelson's objections are overruled.

Even assuming Nelson's objections could be construed as proper, the Court, upon *de novo* review, finds no errors with the Magistrate Judge's R&R. The Court agrees with the Magistrate Judge's findings that the ALJ applied the correct legal standards and that there is substantial evidence in the record as a whole to support the ALJ's decision.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 9/16/24